FOLGER LEVIN & KAHN LLP
Thomas F. Koegel (CSB No. 125852, tkoegel@flk.com)
J. Daniel Sharp (CSB No. 131042, dsharp@flk.com)
Ernst A. Halperin (CSB No. 175493, ehalperin@flk.com)
Embarcadero Center West
275 Battery Street, 23rd Floor
San Francisco, CA 94111
Telephone: (415) 986-2800
Facsimile: (415) 986-2827

Special Counsel to
Appellant E. Lynn Schoenmann

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| *In re* GERALD MCKINNEY,<br><br>*Debtor*, | Case No. C-07-04653 MMC<br><br>On Appeal from the United States Bankruptcy Court for the Northern District of California, Bankruptcy Case No. 06-30314-TEC<br><br>**MOTION FOR ADMINISTRATIVE RELIEF PURSUANT TO LOCAL RULES 7-11 and 6-2 FOR STAY OF BRIEFING SCHEDULE ON APPEAL**<br><br>**DECLARATION OF ERNST A. HALPERIN IN SUPPORT OF MOTION** |

Appellant E. Lynn Schoenmann respectfully requests that the Court issue an Order staying the currently set briefing schedule on this bankruptcy appeal until an appeal may been taken from a related order that is anticipated to issue shortly from the Bankruptcy Court in the same case. Good cause exists to stay the briefing schedule in order to conserve the resources of the Court and of the parties by setting a joint briefing schedule for the consolidated appeals. Counsel for the Debtor has stipulated to stay the briefing schedule. (The stipulation is attached to this Motion as Attachment "A").

//

## BACKGROUND FACTS

Bankruptcy Trustee E. Lynn Schoenmann filed her request for compensation in the underlying bankruptcy action in February. The Debtor objected to her fee application.

The Bankruptcy Court, in an opinion entered on August 27, 2007, directed the Bankruptcy Trustee to submit time records and a narrative statement in connection with her application for compensation within 30 days, and stated that if no time records were submitted the Court would enter an order denying her fee request with prejudice.

Bankruptcy Trustee E. Lynn Schoenmann filed this current appeal from the order contained in the Bankruptcy Court's August 27, 2007 opinion. The appeal states two issues:

> (1) Whether Section 11 U.S.C. Section 330(a)(7) requires the compensation of Chapter 7 trustees to be calculated purely as a percentage of the funds distributed to creditors; and
>
> (2) Whether the Bankruptcy Abuse Prevention and Consumer Protection Act's deletion of Chapter 7 trustees from the reach of the 11 U.S.C. Section 330(a)(3) Lodestar calculation precludes the court from requiring Chapter 7 trustees to file time records and narrative statements in connection with their applications for compensation.

While respectfully disagreeing with the portion of the Court's order regarding time records, the Trustee still wished to comply with the Bankruptcy Court's August 27, 2007 order while preserving her appeal, and she submitted a narrative statement without time records.

This Court has set a briefing schedule for the current appeal calling for the Bankruptcy Trustee's opening appellant's brief to be due on October 25, 2007 and appellee's brief to be due 20 days thereafter.

The Bankruptcy Trustee anticipates that the Bankruptcy Court will shortly enter an order denying her fee request with prejudice. She will then take an appeal from that order, and move to consolidate that appeal with the current appeal. The Bankruptcy Trustee requests (and the Debtor stipulates to) a stay of the briefing schedule in the current appeal.

//
//
//

**ARGUMENT**

Under Local Rules 6-2 the parties may stipulate to an order changing time that would affect the date of an event or deadline fixed by the Court, and this motion is also made pursuant to Local Rule 7-11 because a stay of the schedule is requested which will be followed by a new briefing schedule once the appeal from the shortly-anticipated order denying the Bankruptcy Trustee's fee request with prejudice is consolidated with this appeal. Good cause exists to grant the Bankruptcy Trustee's request. Staying the briefing schedule in the current appeal will serve the interests of justice and conserve the resources of the parties and of the Court by allowing the Court to set a joint briefing schedule for the consolidated appeals, resulting in one set of briefing of the issues on both appeals. Counsel for the Debtor has stipulated to the request to stay the briefing schedule. Therefore, the Bankruptcy Trustee respectfully requests the Court to grant an order staying the briefing schedule. A form of proposed order is attached as Attachment "B."

Dated: October 18, 2007                                         FOLGER LEVIN & KAHN LLP


_____/S/_____
Ernst A. Halperin
Attorneys for Appellant
E. Lynn Schoenmann


**DECLARATION OF ERNST A. HALPERIN**

I, Ernst A. Halperin, declare,

1. I am a member of the firm of Folger Levin & Kahn LLP, special counsel to Bankruptcy Trustee, E. Lynn Schoenmann. I make this declaration of my personal knowledge, and if called upon would testify to the matters stated in my declaration.

2. As shown on the docket sheet for the underlying bankruptcy case, *In re McKinney* (N.D. Bankr. Case No. 06-30314-TEC). Bankruptcy Trustee E. Lynn Schoenmann filed her request for compensation in the underlying bankruptcy action in February. The Debtor objected to her fee application.

1        3.      The Bankruptcy Court, in an opinion entered on August 27, 2007, directed the Bankruptcy Trustee to submit time records and a narrative statement in connection with her application for compensation within 30 days, and stated that if no time records were submitted the Court would enter an order denying her fee request with prejudice.

        4.      Bankruptcy Trustee E. Lynn Schoenmann filed this current appeal from the order contained in the Bankruptcy Court's August 27, 2007 opinion.

        5.      An order staying the briefing schedule in the current appeal is requested in the interests of conserving the resources of the parties and of the Court because it is anticipated, based upon the Bankruptcy Court's August 27, 2007 opinion, that the Bankruptcy Court will shortly issue an order denying the Bankruptcy Trustee's fee request with prejudice, and that the appeal of that order will be subject to consolidation with this appeal, which will then allow the Court to set a joint briefing schedule for the two appeals.

        6.      No previous time modifications have occurred in this case.

        7.      It is anticipated that the order staying the briefing schedule in the current appeal will not affect the ultimate duration of the consolidated cases on appeal, since it is anticipated that the second-filed appeal would receive its own later-briefing schedule in any event.

        I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.  Executed this 18th day of October, 2007.

                                                            _____/S/_____
                                                            Ernst A. Halperin

84019\4001\572380.1